■ E. PETER MCCLEAN, as Preliminary Executor of CHARLES F. HAZZARD, JR., Deceased, Respondent, v VERA WANG BRIDAL HOUSE, LTD., et al., Appellants. [836 NYS2d 406]—

Orders, Supreme Court, New York County (Herman Cahn, J.), entered on or about February 16, 2006, which, to the extent appealed from, denied defendants' motions to dismiss the second cause of action, unanimously reversed, on the law, with costs, the motions granted and the second cause of action dismissed.

This action for breach of two employment agreements was commenced on behalf of plaintiff's decedent, who was a former employee, officer and 10% shareholder of both corporate defendants. The second cause of action alleged that upon the decedent's death in March 2005, the corporate defendants breached the agreements, as amended, by failing to pay severance to the estate in the amount of $390,000.

The second cause should have been dismissed on the ground of a defense founded upon documentary evidence (CPLR 3211 [a] [1]). Viewing the amendment in the context of the entire agreement (*see Zodiac Enters. v American Broadcasting Cos.*, 81 AD2d 337, 339 [1981], *affd* 56 NY2d 738 [1982]), the only reasonable interpretation of the severance clause is that the decedent was entitled to a severance payment only in the event he was alive and defendants terminated him for any reason other than for cause. Accordingly, his estate was not entitled to the severance payment. Concur—Friedman, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARKIN PALMER, Appellant. [836 NYS2d 481]—Judgment, Supreme Court, New York County (Michael Obus, J.), rendered on or about January 13, 2006, unanimously affirmed. No opinion. Order filed. Concur—Friedman, J.P., Sullivan, Sweeny, Catterson and McGuire, JJ.